JAMES HOFFMAN v. THE MAYOR AND COMMON COUNCIL OF JERSEY CITY.

1. A weigh-master, under the charter and ordinance of Jersey City, is an officer appointed for the convenience of commerce and trading, to determine weights and measurements when called upon so to do.

2. A conviction against a person who was employed by the seller to measure plaster as it was taken from a vessel at the dock and delivered on the cars, because, as was alleged, he was exercising the office of weigh-master, without appointment by the common council, is illegal.

The writ brings up a conviction of the plaintiff for violating an ordinance concerning weigh-masters and measurers.

The facts are sufficiently set forth in the opinion of the court.

The argument was had before BEDLE, DALRIMPLE, and SCUDDER, Justices.

For the plaintiff, *Runyon.*

SCUDDER, J.   The writ in this case was directed to Cornelius C. Martindale, recorder of Jersey City, to review a conviction by him of the plaintiff for alleged violation of an ordinance of the mayor and common council concerning weigh-masters and measurers, passed June 21st, 1844. Upon complaint of Michael J. Clark, weigh-master of said city appointed by the mayor and common council, that on July 9th, 1869, the plaintiff, James Hoffman, did exercise the office of weigh-master therein, and did perform various duties appertaining to said office, without having received an appointment from the mayor and common council, and in violation of the aforesaid ordinance, a warrant was issued and a trial and conviction had.

The plaintiff was fined $25, the penalty fixed in the ordinance.

I will not take any time in considering the formalities of the complaint, and of the warrant. The complaint was sufficiently particular in charging the offence in the words of the ordinance, and the warrant against "James Hoffman and others" was certainly good against James Hoffman. The counsel rightly urged the insufficiency of the substantive cause of the conviction as the main point in the case.

Was the conviction right, under the charter and ordinance?

The charter of the city, (*Laws* 1852, *p.* 408, § 42, *pl.* 13,) enacts that the common council shall and may, from time to time, elect and appoint keepers of the city prison, harbor-masters, measurers of grain, weigh-masters, &c., and such subordinate officers and agents of the city, not therein named, as they shall think necessary, either for the better ordering and governing the said city, or for the convenience, safety, and advantage of commerce, and to define and prescribe their powers and duties, &c.

The ordinance passed June 21st, 1844, in pursuance of this authority, ordains that " there shall be appointed by the common council a competent and proper person or persons, who shall be known as and called weigh-masters of Jersey City, who shall hold their office during the pleasure of the common council, and shall exercise the duties of their office within the limits of said city, *whenever called upon so to do,* and the term of whose office shall expire on the first Friday of May in each year."

The weigh-master is further required to make a return of the articles weighed by him ; mark the vessel or article, when it can be done ; use no more than one scale at a time, under a penalty ; not to neglect the duties of his office, or ask or demand or receive any greater compensation than is allowed, under a forfeiture; and to take an oath for the faithful performance of his duties. The fees for weighing several articles of merchandise are therein prescribed, which fees shall be paid one-half by the buyer and the other half

by the seller, but the employer shall be liable for the payment thereof in the first instance.

The section under which the penalty is imposed ordains that "no person shall exercise *the office* of weigh-master or measurer, and perform any of the various duties appertaining to either office, without having received an appointment from the common council, under a penalty of $25 for each offence."

The complaint is, that the plaintiff violated this section of the ordinance, and is liable to the penalty.

What did he do?

He was on a brig at the Long Dock in Jersey City, weighing plaster as it was passed from the brig to the railroad cars. The plaster was bought while in the brig at New York, by Mr. Bonnell, a merchant of that city, and by him sold to a Mr. Demarest, to be delivered to the Erie Railroad Company at Jersey City, and by them forwarded to Warwick, Orange county, New York. The plaintiff had been regularly employed by Mr. Bonnell at his store in New York city up to May 1st, 1869, on a salary, and had been engaged by him occasionally after that to weigh and measure merchandise when sold. He was on this occasion sent over from New York by Mr. Bonnell to weigh the plaster for the purpose of ascertaining how much there was in the vessel, and the correct weight of the same upon delivery in the cars. He was paid a certain price per ton for weighing. He had no appointment as weigh-master from the common council of Jersey City.

The recorder held, in the first place, that the common council had the power, under the thirteenth sub-division of the forty-second section of the city charter, to enact the fourth section of the ordinance imposing the penalty. In this, I think he was right. Section sixteenth of the charter gives the power to punish by fine or imprisonment all violations of any ordinance authorized by the act, and to provide all means which they may judge necessary to carry into effect the objects and powers provided for in this act.

He further adjudges that the plaintiff, Hoffman, was acting in the capacity and office of weigher and measurer in violation of the ordinance, and must pay the penalty.

Was this so?

He was there as the agent and servant of Mr. Bonnell, to weigh the plaster. Was he also an intruder, and exercising the office of weigh-master or measurer without appointment from the council? What is the office or duty of a weigh-master? I understand this officer to be a person appointed, in the words of the charter, "for the convenience of commerce and trading," to determine exact weights and measurements *when called upon so to do*. Probably a sealer of weights and measures may be included in the office. This does not imply that no other person but he can weigh and measure in Jersey City. Practically, this is not so, and cannot be so. The purchaser trusts the merchant of whom he buys, or his clerk and agent, to weigh and measure. But the seller and buyer may in some cases, especially when there is a sale of articles in large quantities to be delivered, in order to have greater certainty, and to obtain an official assurance, call in the city weigh-master or measurer, to weigh or measure. If any one assumes to act officially under these circumstances he is intruding in the office, and becomes liable to the penalty. This joint action and reference to him is strongly implied by the third paragraph of title eleven of the ordinance, where it directs that the fees of the weigh-master shall be paid one-half by the buyer and the other half by the seller.

There is no difference that I can see, in principle, between the present case and any ordinary purchase of goods in bulk to be weighed or measured before delivery, such as buying corn or coal in a heap, sugar in a barrel, or tea in a chest, to be weighed or measured or a certain quantity taken from them. The clerk or servant of the seller, by implied consent, is trusted to make the measurement, and the interference or intrusion of an official weigh-master in such cases would be regarded as a hindrance rather than a convenience. If the

construction put upon the ordinance by this conviction be correct, then we are going back to the time spoken of by *Black.*, 1 *Com.* 274, when, under King Richard, it was ordained that there should be only one weight and one measure throughout the kingdom, and that the custody of the assize or standard of weights and measures should be committed to certain persons in every city and borough, (which agrees nearly with our own statute of weights and measures, *Nix. Dig.* 1024;) from whence, he says, the ancient office of king's alnager seems to have been derived, whose duty it was, for a certain fee, *to measure all cloths made for sale. Jacob's Law Dict., Alnager.*

This office was afterwards abolished by the statute 11 and 12 *Wm. III., ch.* 20, as we can readily understand such a monopoly deserves to be.

A duty or toll was imposed by the English law, called weighage, to be paid for weighing merchandise, as for weighing wool at the king's beam, or for weighing other avoirdupois goods. 2 *Chit. Com. Law* 16; 2 *Bouv. Law Dict.* 628.

I have never understood that this royal duty or toll was conferred upon weigh-masters and measurers in any of the charters and ordinances of our cities.

The recorder and weigh-master in this case have entirely misconceived the purpose of the charter and ordinance. The plaintiff, who was merely acting as the agent of his employer in weighing out the plaster sold to a customer, in the ordinary course of business, is not guilty of a violation of the ordinance. The conviction, therefore, must be set aside and reversed.

BEDLE and DALRIMPLE, Justices, concurred.